UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-57-FDW

| | |
|---|---|
| WILLIAM KIMBLE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JULIE JENKINS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 7).

## I. BACKGROUND

*Pro se* Plaintiff filed this civil rights suit pursuant to 42 U.S.C. § 1983 while incarcerated at the Marion Correctional Institution. (Doc. No. 1). He names as Defendants the following Marion C.I. employees: Correctional Program III Julie Jenkins, Correctional Program II G. Swink, and Assistant Superintendent of Programs David Cothron.

Construing the Complaint liberally and accepting it as true, Plaintiff was told by a dentist in October and December 2018 that he needs to floss on a regular basis. Defendants deprived him of "decent" conditions of confinement by refusing to allow him to purchase dental floss since he arrived at Marion C.I. on March 2, 2018. (Doc. No. 1 at 4). Plaintiff is not provided adequate floss by prison officials and he has not been given any legitimate notice or reason for the refusal. As a result, he is unable to floss after each meal and can only floss once each evening. Defendants Jenkins and Swink are not allowing Plaintiff to purchase floss from the canteen because other inmates may use floss to make fishing lines to pass items from cell to cell and because floss

1

containers are not see-through. As a result, inmates are only given seven to nine inches of floss at a time which is insufficient. Officers hand out floss without washing their hands which is unsanitary and places Plaintiff at risk of being exposed to harmful bacteria, the flu, and the common cold and could result in blood poisoning.

The dental floss policy is discriminatory and deprives Plaintiff of equal protection of the law. Jenkins and Swink treat some inmates differently than others without a legitimate reason. Plaintiff needs to have floss in his possession at all times to prevent gum swelling and bleeding. Plaintiff has had toothaches and headaches and bleeding gums could place Plaintiff at a higher risk of developing heart disease later in life. At the time Plaintiff filed the Complaint there had not been any dental floss on the unit for several weeks.

Plaintiff requests compensatory and punitive damages.

**II.     STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of

Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1)** **Conditions of Confinement**

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The Constitution "does not mandate comfortable prisons, … but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v.

Chapman, 452 U.S. 337, 349 (1981)). Thus, prison official must provide sentenced prisoners with adequate food, clothing, shelter, and medical care, and "take reasonable measures to guarantee the[ir] safety…." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see Farmer, 511 U.S. at 832-34. Inmates' claims that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir.1987). To establish the imposition of cruel and unusual punishment, a prisoner must prove two elements: (1) "the deprivation of [a] basic human need was objectively sufficiently serious," and (2) "subjectively the officials act[ed] with a sufficiently culpable state of mind." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted).

To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission ... result[s] in the denial of the minimal civilized measure of life's necessities." Id. at 298 (citing Rhodes, 452 U.S. at 347).

The conditions that Plaintiff has described are not sufficiently serious to amount to a constitutional deprivation, he has failed to adequately allege that prison officials imposed these conditions with deliberate indifference to his health and safety, and he has inadequately alleged that the conditions have resulted in physical harm. The lack of constant access to unlimited amounts of dental floss, the complete absence of floss for a period of a few week, and the allegedly unsanitary handling of floss by prison employees might be unpleasant but do not satisfy the very

4

high standards for cruel and unusual punishment under the Eighth Amendment. See generally De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); see, e.g., Richmond v. Stigile, 22 F.Supp.2d 476 (D. Md. 1998) (prisoner who alleged he was deprived of basic hygiene items because his indigence did not rise to the level of an Eighth Amendment violation because the deprivation was not sufficiently lengthy or serious, prison officials did not act with deliberate indifference, and the conditions did not result in physical harm). Therefore, Plaintiff's Eighth Amendment claims are insufficient to proceed.

**(2)     Due Process**

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV. To state a due process claim, a plaintiff must demonstrate that he protected a protected liberty or property interest and that he was denied that interest without being afforded due process of law. See Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460–61 (1989). The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty that was accomplished by state action. See Tigrett v. The Rector and Visitors of the Univ. of Va., 290 F.3d 620, 628 (4th Cir. 2002); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988). "Unless there has been a 'deprivation' by 'state action,' the question of what process is required and whether any provided could be adequate in the particular factual context is irrelevant, for the constitutional right to 'due process' is simply not implicated." Stone, 855 F.2d at 172.

A plaintiff does not have a federally protected liberty interest in any particular housing or classification unless it exceeds the scope of his original sentence and imposes an atypical and significant hardship in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515

U.S. 472 (1995). "[C]hanges in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation) and the denial of privileges … are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage prisons safely and efficiently." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991) (*en banc*)). As a general matter, a prisoner has no constitutional right to access a prison commissary. See Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002); Madison v. Parker, 104 F.3d 765 (5th Cir. 1997); Vick v. Core Civic, 329 F.Supp.3d 426, 451 (M.D. Tenn. 2018); Montalvo v. Lamy, 139 F.Supp.3d 597 (W.D.N.Y. 2015); Mitchell v. City of New York, 2011 WL 1899718 (S.D.N.Y. 2011).

Plaintiff alleges that, except for a period of a few weeks, the prison provided each inmate with a length of dental floss every day. Plaintiff's claim that he was unable to purchase additional dental floss due to institutional concerns about safety and security fails to allege an atypical or significant hardship upon which a due process claim could be based. See Vick, 329 F.Supp.3d at 451 (plaintiff's conditions of confinement claim premised on the lack of access to the prison commissary failed to state an Eighth Amendment claim upon which relief could be granted). Plaintiff's due process claim with therefore be dismissed.

**(3) Equal Protection**

The Fourteenth Amendment's Equal Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. The equal protection requirement "does not take from the States all power of classification," Personnel Adm'r v. Feeney, 442 U.S. 256, 271 (1979), but "keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike," Nordlinger v. Hahn, 505 U.S. 1, 10 (1992). To succeed on an equal protection claim, a § 1983 plaintiff "must

first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). If he makes this showing, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Id. Ordinarily, when a state regulation or policy is challenged under the Equal Protection Clause, unless it involves a fundamental right or a suspect class, it is presumed to be valid and will be sustained "if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." Heller v. Doe, 509 U.S. 312, 319–320 (1993). The Fourth Circuit does not recognize prisoners as "a suspect class." Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997). When equal protection challenges arise in a prison context, courts must adjust the level of scrutiny to ensure that prison officials are afforded the necessary discretion to operate their facilities in a safe and secure manner. See Morrison, 239 F.3d at 654–55. In a prison context, therefore, the court must determine whether the disparate treatment is "reasonably related to [any] legitimate penological interests." Shaw v. Murphy, 532 U.S. 223, 225 (2001). This deferential standard applies "even when the alleged infringed constitutional right would otherwise warrant higher scrutiny;" however, this more deferential review does not ignore the concerns that justify application of a heightened standard outside of the prison context. Morrison, 239 F.3d at 655-56.

Plaintiff alleges that the prison's dental floss policy is discriminatory and deprives Plaintiff of equal protection of the law, and that Defendants Jenkins and Swink treat some inmates differently than others without a legitimate reason. Plaintiff fails to allege to which protected group he belongs, that he was purposefully discriminated against on the basis of that suspect class, or that other similarly situated prisoners are treated differently. Even if such a classification and different treatment existed, Plaintiff admits that the prison's policy is due to safety and security

7

concerns about inmates "fishing" with dental floss. These allegations demonstrate that the dental floss policy is reasonably related to a legitimate penological interest. Plaintiff's claims alleging discrimination and violation of equal protection are therefore insufficient to proceed.

**(4)** **Relief**

As relief, Plaintiff seeks compensatory and punitive damages. However, Plaintiff cannot recover compensatory damages because he has failed to adequately allege the existence of a physical injury. See 42 U.S.C. § 1997e(e). See Perkins v. Dewberry, 139 Fed. Appx. 599 (4th Cir. 2005) (unpublished) (stating that "*de minimis* physical injuries cannot support a claim for mental or emotional injury."); Mayfield v. Fleming, 32 Fed. Appx. 116 (4th Cir. 2002) (unpublished) (stating that "the district court correctly concluded that [plaintiff's] claim for money damages is barred because he can show no physical injury."). Punitive damages are unavailable because Plaintiff has failed to adequately allege that defendant's conduct was "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others" Smith v. Wade, 461 U.S. 30, 51 (1983). Further, if Plaintiff were to seek injunctive relief, such a claim would be moot because Plaintiff no longer resides at Marion C.I.; his address of record is at the Bertie Correctional Institution. See Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986).

V.     **CONCLUSION**

For the foregoing reasons, the Complaint is dismissed as frivolous and for failure to state a claim upon which relief can be granted and this case will be closed.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. The Clerk of Court is directed to terminate this action.

Signed: June 11, 2019

Frank D. Whitney
Chief United States District Judge